UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LESHAWN JAMES,

        Petitioner,

vs.                                    Case No. 3:14-cv-138-J-39JRK

SECRETARY, DOC, et al.,

        Respondents.

_____

**ORDER**

**I.   STATUS**

Petitioner Leshawn James challenges a 2007 (Duval County) conviction for aggravated assault on a law enforcement officer, aggravated fleeing or attempting to elude a law enforcement officer, and driving while license suspended or revoked (felony habitual offender).  Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) at 1.  Respondents filed an Answer in Response to Order to Show Cause (Response) (Doc. 17).  In support of their Response, they provide an Index to Appendix (Doc. 17).[1]  Thereafter, they filed a complete

_____

[1] The Court hereinafter refers to the documents contained in the Appendix as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix.  Otherwise, the page number on the particular

copy of Exhibit FF (Doc. 18).  Petitioner filed a Reply in Opposition to the Respondents' Answer to Order to Show Cause (Doc. 19).[2]  See Order (Doc. 7).

Petitioner raises thirteen grounds in the Petition.  Of note, the state circuit court conducted an evidentiary hearing on Petitioner's sixth ground.  This Court will address these thirteen grounds, see Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), but no evidentiary proceedings are required in this Court.

## II.  STANDARD OF REVIEW

The Court will analyze the claims pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA).  "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions."  Harrington v. Richter, 562 U.S. 86, 98 (2011).  The three exceptions set forth in Harrington are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts.  Id. at 100.  Additionally, the Court will give a presumption of

_____

document will be referenced.  Also, the Court will reference the page numbers assigned by the electronic docketing system where applicable.

[2] Petitioner filed two notices of typographical errors (Docs. 20 & 22).

- 2 -

correctness of the state courts' factual findings unless rebutted with clear and convincing evidence, 28 U.S.C. § 2254(e)(1), and, the Court will apply this presumption to the factual determinations of both trial and appellate courts.   See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

The Eleventh Circuit recently set forth the parameters for a federal court to grant habeas relief when reviewing a state court's decision, as limited by the provisions of AEDPA:

> if a state court has adjudicated the merits of a claim, we cannot grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). "[C]learly established federal law" under § 2254(d)(1) refers to the "holdings, as opposed to the dicta, of th[e Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). "Under § 2254(d)(1)'s 'contrary to' clause, we grant relief only 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" Jones v. GDCP Warden, 753 F.3d 1171, 1182 (11th Cir. 2014) (alteration in original) (quoting Williams, 529 U.S. at 413). "Under § 2254(d)(1)'s 'unreasonable application' clause, we grant relief only 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Id. (alteration in

original) (quoting <u>Williams</u>, 529 U.S. at 413).
Under § 2254(d)(2), we may grant relief only
if, in light of the evidence presented in the
state court proceedings, no reasonable jurist
would agree with the factual determinations
upon which the state court decision is based.
<u>Brumfield v. Cain</u>, 576 U.S. ----, 135 S. Ct.
2269, 2277 (2015).

<u>Raleigh v. Sec'y, Fla. Dep't of Corr.</u>, No. 14-14198, 2016 WL

3563623, at *5 (11th Cir. June 30, 2016).

### III.   PROCEDURAL HISTORY

The Court will provide a brief summary of the state criminal

case in order to give historical context to Petitioner's thirteen

grounds for habeas relief.   Petitioner was charged by an amended

information with aggravated assault on a law enforcement officer;

aggravated fleeing or attempting to elude a law enforcement

officer; driving while license suspended or revoked-felony habitual

offender; reckless driving; and possession of less than twenty

grams of cannabis.   Ex. A at 25-26.   The state filed notices to

classify Petitioner as an habitual felony offender and an habitual

violent felony offender.   <u>Id</u>. at 19, 23.

The trial court conducted a jury trial on counts one through

three on November 26-27, 2007.   Ex. B; Ex. C.   The jury returned a

verdict of guilty as to the three counts.   Ex. A at 60-62; Ex. C at

265-66.   Petitioner moved for a new trial, Ex. A at 63-64, and the

trial court denied the motion.   <u>Id</u>. at 89-90.

On December 17, 2007, the trial court conducted its sentencing

proceeding.   Ex. A at 90-122.   The court adjudicated Petitioner

guilty and sentenced him as an habitual felony offender to concurrent terms of ten, fifteen, and five years, with a minimum mandatory term of incarceration of three years on count one.  Id. at 120-21.  The court entered its judgment and sentence on December 17, 2007.  Id. at 66-73.

Thereafter, Petitioner appealed his conviction.  Id. at 80. He filed an appeal brief.  Ex. D.  The state answered.  Ex. E.  The First District Court of Appeal, on October 27, 2008, affirmed per curiam.  Ex. F.  The mandate issued on November 13, 2008.  Id.

On June 12, 2010, pursuant to the mailbox rule, Petitioner filed a Motion for Postconviction Relief.  Ex. Y at 1-19.  He filed an Amended Motion for Postconviction Relief.  Id. at 20-44.  The court directed the state to respond to grounds two, five, six, and nine.  Ex. BB.  The state responded.  Ex. CC.  Petitioner replied. Ex. DD.   The circuit court, after appointing counsel for Petitioner, conducted an evidentiary hearing on ground six.  Ex. EE.  On February 20, 2013, the court entered a written Order Denying Defendant's Motions for Postconviction Relief, attaching supporting documents.  Ex. Y at 45-179.

Petitioner appealed.  Id. at 180; Ex. FF.  The state answered. Ex. GG.  The First District Court of Appeal, on October 29, 2013, per curiam affirmed the circuit court's decision.  Ex. HH.  See James v. State, 126 So.3d 1060 (Fla. 1st DCA Oct. 29, 2013) (per curiam), reh'g denied, (Fla. 1st DCA Dec. 6, 2013).

## IV.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.   Ground One

In the first ground of the Petition, Petitioner alleges a due process deprivation under the Sixth and Fourteenth Amendments based on the insufficiency of the evidence to support his guilt for the aggravated assault offense.  Petition at 4-5.  Petitioner contends that the evidence presented at trial was insufficient to show that he intentionally assaulted Officer Brooks with a deadly weapon, an automobile.  Id.  As noted by Respondents, Petitioner exhausted this ground by presenting it on direct appeal.  Response at 20. The First District Court of Appeal affirmed per curiam.  Ex. F.

The trial court record shows that a motion for judgment of acquittal was made at the close of the state's case:

> MR. ARMSTRONG [defense counsel]:  Yes, Your Honor.  At this time the defense would move for judgment of acquittal.  The State's failed to establish a preponderance of the evidence that Leshawn James on June 19th, 2007, did commit aggravated assault on a law enforcement officer, specifically there's conflicting testimony to the direction of travel from the officer and Ms. Jefferson, and that the direction of travel and the officer's movements was -- he was startled and jumped back and not -- there was no attempt at that time made to run him over with the vehicle is the basis for the aggravated assault.
>
> . . . .
>
> THE COURT: Thank you, Mr. Armstrong.
>
> Viewing the evidence in the light most favorable to the State I think it is a classic case for the jury to decide, so I'll deny your motion.

Ex. B at 156-58.

A denial of a motion for judgment of acquittal ordinarily presents a state law claim. It only arises to the level of a claim of constitutional dimension if it is asserted that the evidence was insufficient to support the conviction, and as a result of the deficiency, there was a violation of due process of law.

The Due Process Clause of the Fourteenth Amendment requires the state to prove beyond a reasonable doubt each element of the offense charged. Thompson v. Nagle, 118 F.3d 1442, 1448 (11th Cir. 1997)(citing Jackson v. Virginia, 443 U.S. 307, 314 (1979)), cert. denied, 522 U.S. 1125 (1998). "[T]his court must presume that conflicting inferences to be drawn from the evidence were resolved by the jury in favor of the State." Thompson, 118 F.3d at 1448 (citing Machin v. Wainwright, 758 F.2d 1431, 1435 (11th Cir. 1985)). The relevant question is whether any rational jury, after viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the charged offense beyond a reasonable doubt. Thompson, 118 F.3d at 1448.

In pertinent part, the trial court charged the jury:

> Now to prove the crime of aggravated assault on a law enforcement officer, the State must prove the following seven elements beyond a reasonable doubt and the first of these three elements define the offense of assault. First, Leshawn James intentionally and unlawfully threatened either by word or act to do violence to R. R. Brooks; second, at the time Leshawn James appeared to have the ability to carry out the threat; and third, the act of Leshawn James created in the mind

of R. R. Brooks a well-founded fear that the
violence was about to take place; four, the
assault was made with a deadly weapon; fifth,
R. R. Brooks was at the time a law enforcement
officer; sixth, Leshawn James knew R. R.
Brooks was a law enforcement officer; and
seventh, at the time of the assault R. R.
Brooks was engaged in the lawful performance
of his duties.

The court now instructs you that an
officer of the Jacksonville Sheriff's Office
is in fact a law enforcement officer.

A weapon is a deadly weapon if it is used
or threatened to be used in a way likely to
produce death or great bodily harm, It is not
necessary for the State to prove that the
defendant had an intent to kill.

Ex. C at 242-43.

Petitioner asserts that the evidence did not "establish an
intentional aggravated assault." Petition at 5. Instead, he
contends, the evidence simply demonstrated that he intended to
leave the scene. Id. Respondents counter this argument by stating
that the question of intent to harm, as noted by the trial court,
was a classic factual matter for the jury to decide. Response at
24.

Upon review, Officer R. R. Brooks testified that when he asked
the driver and the passenger to place their hands on the dashboard
of the vehicle, it appeared that they were both going to comply
with his directive, but "then the driver reached up and grabbed the
gear selector, placed the vehicle in drive and pardon me, and I
quote stated fuck this, and then turned the wheels hard left in my
direction and accelerated the vehicle." Ex. B at 86-87. Officer

- 8 -

Brooks explained that, at that time, he was standing in the immediate proximity of the side-view mirror of the car talking to the driver and the passenger. Id. at 87. Officer Brooks further stated that in order to avoid being struck, he had to jump back approximately three feet. Id. He said he was frightened as he feared that he would be struck by the five thousand pound vehicle. Id. He explained that the most direct line of travel to exit the CVS parking lot would have been "a right curve because it requires you to go right on Briar Cliff because of [a] concrete triangle there." Id. at 98. Instead of taking the direct route out of the parking lot, Petitioner cut the vehicle's wheels hard to the left, where the officer was standing, and went over the concrete triangle. Id. at 98, 103.

"When the record reflects facts that support conflicting inferences, there is a presumption that the jury resolved those conflicts in favor of the prosecution and against the defendant. In other words, federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and in weighing the evidence." Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002). In this case, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Petitioner committed aggravated assault of a law enforcement officer as charged in the amended information.

To the extent the claim was raised in the federal constitutional sense, and to the extent that the federal constitutional claim was addressed, the state court's rejection of this ground is entitled to deference as required pursuant to AEDPA. The adjudication of the state appellate court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground one because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## B.  Ground Two

In ground two, Petitioner raises a claim of ineffective assistance of trial counsel, complaining that counsel failed to move to suppress evidence. Petition at 6. Petitioner exhausted this ground by raising it in his Rule 3.850 motion. Ex. Y at 22-24. The trial court denied relief. Id. at 53-54. The First District Court of Appeal per curiam affirmed. Ex. HH.

The Court recognizes that in order to prevail on a Sixth Amendment claim, Petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness)

and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).  Of significance, the circuit court denied Petitioner's claim of ineffective assistance of counsel in a well reasoned, written decision.  Also of note, the court, in its opinion, referenced the applicable two-pronged standard as set forth in Strickland as a preface to addressing Petitioner's multiple claims of ineffective assistance of counsel. Ex. Y at 52-53.  In this instance, the circuit court was not only well informed of the applicable standard, it also recognized that all that is constitutionally required is reasonably effective counsel, not perfect or error-free counsel.  Id. at 52.

In addressing a claim of ineffective assistance of counsel with an underlying Fourth Amendment issue, the Eleventh Circuit highlighted a petitioner's additional burden:

> Where, as here, the relevant allegation is that counsel "fail[ed] to litigate a Fourth Amendment claim competently ... the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Morrison,[3] 477 U.S. at 375, 106 S. Ct. at 2583 (emphasis added).

Marshall v. Sec'y Fla. Dep't of Corr., No. 13-13775, 2016 WL 3742164, at *6 (11th Cir. July 12, 2016).

---

[3] Kimmelman v. Morrison, 477 U.S. 365 (1986).

- 11 -

Petitioner, in this ground, claims his counsel was ineffective for failing to move to suppress all of the evidence because once Officer Brooks discovered the driver of the vehicle was a male rather than the female owner of the vehicle with a suspended license, the encounter should have immediately ended and the occupants should have been permitted to leave.  At trial, Officer Brooks provided an explanation as to why this did not happen.  He said, once he realized that a male was driving the vehicle, he was going to let the driver leave, but the driver leaned out of the window and asked him why he stopped them.  Ex. B at 85.  When Officer Brooks approached the vehicle to answer the driver's question, he saw a black female passenger, Irene Jefferson, and a child in the back seat.  Id. at 85-86.  As he was speaking to the driver, the passenger took an identification card and attempted to cover a small baggie with a "green grassy substance in it" that the officer believed to possibly contain marijuana.  Id. at 86.

In rendering its decision, the circuit court addressed the specifics of this particular claim of ineffective assistance of counsel and found that Petitioner did not meet his post conviction burdens.  Ex. Y at 54.  The court correctly assessed Petitioner's burden when alleging the ineffective assistance of counsel for failing to pursue a Fourth Amendment issue, noting that this burden includes proving that the Fourth Amendment claim is meritorious, that a motion to suppress would have been granted, and the evidence suppressed.  Id. at 53.  The court also recognized that officers

- 12 -

may lawfully approach the occupants of a vehicle to explain the reason for the initial stop, and when an officer does so, the officer may use his senses to detect criminal activity while explaining the reason for the initial stop. Id.

In denying this ground, the circuit court said:

> The Officer's observation, while in a legal position to make contact with Defendant pursuant to Diaz, became reasonable suspicion of criminal activity, that is, possession of marijuana, which therefore rendered the continued detention of the vehicle legal. Like the officer in Zeigler, Officer Brooks properly used his senses, in particular, his sense of sight, to detect marijuana. Accordingly, because suppression would not have properly been granted, Defendant has failed to meet his postconviction burdens.

Id. at 54.

This decision is not inconsistent with Strickland. "Only those habeas petitioners who can prove under Strickland that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ." Marshall v. Sec'y, 2016 WL 3742164, at *9 (quoting Kimmelman v. Morrison, 477 U.S. at 382). This standard is extremely difficult to meet, and even a strong case for relief does not win the day as long as the state court's contrary conclusion was reasonable.

The First District Court of Appeal affirmed the trial court's decision. As the First District Court of Appeal did not give reasons for its summary affirmance, if there was any reasonable basis for the court to deny relief, the denial must be given

deference by this Court.  Cullen v. Pinholster, 563 U.S. 170, 187-88 (2011).  In this case, deference under AEDPA should be given to the state court's decision.  Here, the state court's decision is not inconsistent with Supreme Court precedent, including Strickland and its progeny.  The state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts.

### C.  Ground Three

In his third ground, Petitioner claims he received the ineffective assistance of counsel in violation of the Sixth Amendment based on counsel's failure to "have his judgment of conviction vacated due to a *Brady* violation."  Petition at 9.  In his supporting facts, Petitioner alleges that the state withheld a traffic citation written against Irene Jefferson in violation of Brady v. Maryland, 373 U.S. 83 (1963).  In addition, Petitioner raises a claim of ineffective assistance of counsel based on counsel's failure to investigate, discover and present the traffic citation evidence at trial.  Petition at 10.  In his Notice to Clerk to Correct Typogra[p]hical Error Title to Claim Three (Doc. 22), Petitioner states that the title of claim three should read: "Petitioner was denied due process as guaranteed him under the 14th Amendments [sic] to the U.S. Constitution by State withholding of evidence due to Brady violation, as it was originated and formulated in Petitioner's 3.850 motion to circuit courts [sic] on ground three titled."  Notice (Doc. 22) at 1.

The state notes that Petitioner exhausted ground three in the state courts.  Response at 30.  _See_ Ex. Y at 24-26.  Indeed, upon review, Petitioner raised a _Brady_ claim as well as an alternative claim of ineffective assistance of counsel in his Rule 3.850 post conviction motion.  _Id_.

The purported _Brady_ violation concerned the state's alleged suppression of Ms. Jefferson's citation for driving with a suspended license as a result of this incident.  _Id_. at 49.  Petitioner claims that the state's failure to reveal this citation was prejudicial to him because he could not have been the driver of the vehicle if Ms. Jefferson was cited by the officer for being the driver.  Petition at 9.

After setting forth the requirements for successfully bringing a _Brady_ claim, the circuit court acknowledged that it is the defendant's burden to demonstrate that the elements are satisfied.  Ex. Y at 49.  In its analysis, the court first referenced Petitioner's admission at sentencing that he was the driver of the vehicle.  _Id_. at 50.  The court concluded that Petitioner may not go behind his sworn testimony and now state that Ms. Jefferson was the driver.  _Id_.  _See_ Ex. A at 108-109.  More significantly, the court found that Officer Brooks did not cite Ms. Jefferson with driving on a suspended license.  Ex. Y at 50.  The court found that Brooks charged her with unlawful use of her license, in violation of § 322.32(1), Fla. Stat., and seized her driver's license for displaying a suspended, revoked, cancelled, or disqualified

license.   Ex. Y at 50-51.   The court found that the evidentiary record refutes Petitioner's claim, referencing his exhibit A, the citation in question.   Id. at 51, 43.

Finding no Brady violation, it follows that there can be no supportable claim of ineffective assistance of counsel for failure to investigate and raise a non-meritorious claim.   As noted by Respondents, the citation would not exculpate Petitioner, thus counsel could not have been ineffective for failing to pursue a Brady claim.   Upon appeal of the denial of the Rule 3.850 motion, the appellate court per curiam affirmed the trial court's decision. Thus, the claim was rejected on its merits.   Thus, there is a qualifying state court decision.   This ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA.

Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state court's adjudication of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.   Thus, Petitioner is not entitled to relief on his Brady claim raised in ground three.

Of import, Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have

- 16 -

been different if his lawyer had given the assistance that Petitioner has alleged should have been provided. Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice. Upon review, there was no unreasonable application of clearly established law in the state court's decision to reject the Strickland ineffectiveness claim. The decision was not contrary to clearly established federal law and was not based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on ground three.

### D. Ground Four

In his fourth ground, Petitioner claims his counsel was ineffective for failure to "argue Carrin v. State[,] [875 So.2d 719 (Fla. 1st DCA 2004)], to support grounds for JOA." Petition at 11. Petitioner raised this issue in his Rule 3.850 motion, and the state appellate court affirmed. As noted by Respondents, Petitioner exhausted this ground by properly seeking and exhausting his state court remedies. Response at 33.

"There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance'[;] the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Kimmelman v. Morrison, 477 U.S. at 381 (quoting Strickland, 466 U.S. at 689). Applying the highly deferential scrutiny to Mr. Armstrong's decisions, as

required by <u>Strickland</u>, the Court concludes that Petitioner has failed to show that counsel's representation fell below an objective standard of reasonableness and that there was a reasonable probability that the results of the proceeding would have been different but for these decisions.

The record demonstrates that defense counsel not only raised a motion for judgment of acquittal, but passionately argued in support of the defense motion that the state failed to establish by a preponderance of the evidence that Petitioner committed an aggravated assault on a law enforcement officer. Ex. B at 156-57. Counsel referenced the conflicting testimony concerning the direction of travel provided by Ms. Jefferson, the passenger, and Officer Brooks. <u>Id</u>. at 156. Counsel argued that the evidence showed that the officer was simply startled by the movement of the vehicle and jumped back, but there was "there was no attempt at that time made to run him over with the vehicle[.]" <u>Id</u>.

Counsel's failure to mention <u>Carrin v. State</u>, 875 So.2d 719 (Fla. 1st DCA 2004), <u>decision quashed by</u> <u>Carrin v. State</u>, 978 So.2d 115 (Fla. 2008) (per curiam), does not amount to deficient performance. In <u>Carrin</u>, the appellate court found that the element of putting in fear "was neither pled nor proven[.]" <u>Carrin</u>, 875 So.2d at 720. Thus, the court held the conviction for aggravated assault could not stand. <u>Id</u>. at 721. Ultimately, the First District Court of Appeal, upon remand from the Supreme Court of Florida, reversed and remanded the case for a jury trial on a

- 18 -

charge of culpable negligence, a permissive lesser included offense of attempted second degree murder, the original charge in the case. Carrin v. State, 980 So.2d 604, 606 (Fla. 1st DCA 2008) (per curiam).

Petitioner has failed to advance a persuasive argument that counsel's failure to mention the Carrin case during his argument for a judgment of acquittal was unreasonable or that counsel's performance can be construed as conduct outside the wide range of professional representation. Further, Petitioner has not shown prejudice because he has not established that, if counsel had referenced the Carrin case during his argument to the court, there is a reasonable probability that the outcome of the proceedings would have been different. On the contrary, based on the circuit court's decision that this was a classic case for the jury to decide, any reference to the Carrin decision would not have altered the court's decision.

In the case at bar, not only was the element of putting in fear pled,[4] the state presented evidence that the actions of Petitioner created in the mind of the victim, Officer Brooks, a well-founded fear that violence was about to take place. Officer Brooks testified that as he was standing next to the side view

---

[4] The charging document, the amended information, properly included an essential element of the offense of aggravated assault on a law enforcement officer by stating that Petitioner "created a well-founded fear in R. R. Brooks that violence was imminent[.]" Ex. A at 25.

mirror of the vehicle talking to Petitioner when Petitioner grabbed the gear selector, placed the vehicle in drive, said "fuck this," turned the wheel hard left in Officer Brooks' direction, and accelerated the vehicle at Officer Brooks, rather than taking the right hand curve to exit the CVS parking lot. Ex. B at 86-87, 98. Additionally, Officer Brooks specifically testified that he feared being struck by the vehicle and jumped back three feet in order to avoid being struck. Id. at 87. He confirmed that he was frightened and scared of being struck by the five thousand pound vehicle. Id. As such, Petitioner's case is certainly distinguishable from Carrin where the element of "putting in fear" was neither pled nor proven.

Upon review of the state court record, the trial court soundly rejected this claim of ineffective assistance of counsel finding it meritless. Ex. Y at 55. The court noted that counsel "properly and vehemently argued" for a motion for judgment of acquittal, but the court rejected the argument finding it a classic case for a jury decision. Id. Finally, the court determined: "in light of the evidence presented against Defendant, there is no reasonable probability that, had counsel argued as Defendant suggests, such a Motion would have been granted and Defendant would have been acquitted." Id. (exhibit citation omitted). The First District Court of Appeal affirmed.

With regard to this claim of ineffective assistance of counsel, AEDPA deference should be given to the state court's

decision.  The state court's ruling is well-supported by the record and by controlling case law, <u>Strickland</u> and its progeny. Petitioner raised the issue in his post conviction motion, the trial court denied the motion, and the appellate court affirmed. The Court concludes that the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on ground four.

### E.  Ground Five

In his fifth ground, Petitioner contends that his trial counsel was ineffective for failing to move for severance of count three, driving while license suspended or revoked – felony habitual offender.  Petition at 16.  Petitioner asserts that he was highly prejudiced by having to go to trial on all three counts because the third count exposed his habitual driving record to the jury, and his counsel, at a minimum, should have moved to sever count three for trial purposes.  <u>Id</u>.

Respondents, in their Response, note that Petitioner exhausted his state court remedies on this ground.  Response at 37.  They rebut Petitioner's argument and contend that, in this case, the three offenses were connected in an episodic sense, occurring in a short period of time during a singular criminal episode.  <u>Id</u>. at 38-39.  Also, they point out that severance is a matter within the trial court's discretion, and the trial court found that even if

counsel had moved for severance, it was unlikely that the court would have granted the motion.  <u>Id</u>. at 39.

Petitioner raised this claim in his post conviction attack of his conviction as ground five of his Rule 3.850 motion.  After setting forth the <u>Strickland</u> standard of review, the trial court addressed this claim.  The circuit court recognized that it may be necessary to sever offenses to promote fairness, but when the offenses are clearly connected in an episodic sense, it is not a matter of necessity, but is a matter of the trial court's discretion.  Ex. Y at 55-56.  The court found that counts one, two and three occurred during one criminal episode, and severance was not needed to promote a fair determination on each count.  <u>Id</u>. at 56.  The court concluded that "it is unlikely that the trial court would have granted a Motion for Severance as to Count Three."  <u>Id</u>.

Also of import, the court pointed to Petitioner's testimony at trial that he previously drove on a suspended driver's license and had served time for doing so.  <u>Id</u>.; Ex. B at 182, 184.  Thus, the court found that even if counsel had moved to sever count three and the court granted the motion, Petitioner exposed his prior driving record through his own testimony.  <u>Id</u>. at 56.  The court ultimately concluded that a motion to sever would have been futile under these circumstances and Petitioner failed to demonstrate prejudice.  <u>Id</u>.

Not only did the circuit court reject Petitioner's claim of ineffectiveness, the First District Court of Appeal affirmed.  The failure to move for severance under these circumstances was not

- 22 -

deficient performance.  Furthermore, Petitioner demonstrates no prejudice from the claimed deficient performance.

Under these circumstances, Petitioner will not prevail on his claim of ineffective assistance of counsel.  He has failed to show deficient performance or prejudice.  Indeed, he has failed to demonstrate that his counsel's performance was so deficient in this regard that it deprived Petitioner of a fair trial and a reliable result.  Therefore, Petitioner has failed to satisfy both prongs of the <u>Stickland</u> test.  As such, Petitioner has not met his burden of showing that the state court's resolution of this claim was an unreasonable application of controlling Supreme Court precedent. Thus, ground five is due to be denied.

### F.  Ground Six

In his sixth ground, Petitioner contends that counsel's performance was deficient because he failed to object to the charging document going back to the jury.  Petition at 16-17.  The record shows that Petitioner went to trial on the first three counts.  Petitioner claims the trial court provided to the jury, for its consideration during deliberations, the charging document that included counts four and five.  <u>Id</u>. at 17.  Respondents agree that this ground was exhausted in the state court system.  Response at 41.

The circuit court determined that Petitioner was entitled to an evidentiary hearing on this allegation.  The court appointed counsel for Petitioner.  Ex. EE at 190.  James Armstrong,

Petitioner's trial counsel, testified that he was the public defender who represented Petitioner.  <u>Id</u>. at 193-194.  When asked what specific items went back to the jury, he said the verdict form, the jury instructions, and some trial exhibits, including a map of the area.  <u>Id</u>. at 199.  He also testified that he believed Judge Arnold, the trial judge, had a policy of not sending the charging document back with the jury instructions.[5]  <u>Id</u>. at 199-200.  Furthermore, Mr. Armstrong testified that if Petitioner had brought such an issue to his attention, he would have confirmed with the court clerk whether the charging document had been sent back to the jury, and if it had been sent back, he would have raised an objection with the court.  <u>Id</u>. at 202-203.  Additionally, counsel testified that if it had been brought to his attention by Petitioner during deliberations, he would have included the issue in the motion for new trial.  <u>Id</u>. at 203.

At the evidentiary hearing, Petitioner testified that when sitting at the table with counsel, he saw a few documents in front of counsel, including the charging document containing five counts. Ex. EE at 211-12.  Petitioner attested that his counsel told him the information containing counts four and five was going back to the jury.  <u>Id</u>. at 212.  Petitioner said he asked whether his counsel would object, and his attorney shrugged his shoulders and

---

[5] Of import, the trial court tread very carefully when reading the third count to the venire, omitting any mention of habitual offender, and carefully referenced only three counts to the jury. Ex. B at 6, 10-11.

said Petitioner would be all right.  Id.  Petitioner testified that he could not see what documents were actually provided to the jury, but he remembered the conversation with his attorney.  Id.  He admitted that he had no personal knowledge of what was given to the jury.  Id. at 213.  When asked whether he admitted, under oath at sentencing, that he had lied during his trial testimony, Petitioner responded that the record would speak for itself.  Id. at 215.

The record shows that the trial court, after reading the instructions, stated the verdict form and the two exhibits were being given to the clerk to provide to the jury, along with the instructions.  Ex. C at 261.  The referenced exhibits are the state's exhibits number 1 (a map) and number 2 (the certified driving record and the David).  Ex. B at 5, 152.

In addressing this ground, the circuit court noted that Petitioner "admitted he had fabricated his alibi story at trial."[6] Ex. Y at 57.  The court credited the testimony of Mr. Armstrong and found Petitioner's claim to be purely speculative.  Id. at 57-58. The court, in finding Mr. Armstrong more credible and denying this ground, said:

> In addition, this Court specifically finds the testimony of Mr. Armstrong to be both more credible and more persuasive than Defendant's testimony at the evidentiary hearing, as well as his allegations set forth in the instant Motions.  Laramore v. State,

---

[6] Of note, the sentencing transcript shows that Petitioner admitted that he lied under oath at trial.  Ex. A at 115.

699 So.2d 846 (Fla. 4th DCA 1997). Defendant, as a convicted felon, admitted that he lied under oath at trial. Mr. Armstrong, on the other hand, is not a convicted felon and has been practicing law as a member in good standing of the state bar for nearly ten years. This Court accepts the testimony of Mr. Armstrong, and finds that he functioned as "reasonably effective counsel" in defending Defendant's interests in the instant case. See Coleman, 718 So.2d at 829. This court finds that, had Mr. Armstrong known the jury received a copy of the Amended Information, he would have informed the trial judge and objected. The actions taken by Mr. Armstrong at trial constituted sound trial efforts of a seasoned defense attorney. See Songer v. State, 419 So.2d 1044 (Fla. 1982); Gonzalez v. State, 579 So.2d 145, 146 (Fla. 3d DCA 1991) ("Tactical decisions of counsel do not constitute ineffective assistance of counsel.")

Moreover, after a review of the record, there is nothing to indicate that the trial court permitted the jury to take a copy of the Amended Information into the jury room. See Hunter, 18 So.3d at 709; Higgins, 885 So.2d at 996. First, the record shows that the trial judge, prior to trial instructed the jury that Defendant was on trial for only three offenses. (Exhibit "H" at 10-11.) Second, prior to the jury's deliberations, the trial judge instructed his courtroom clerk to give the jury only the two exhibits entered into evidence, as well as the charging jury instructions. (Exhibit "H" at 261-63.) The courtroom clerk's memorandum of the trial indicates only two exhibits were entered into evidence. (Exhibit "I.") Third, the jury instructions demonstrate that the trial judge instructed the jury as to only three crimes, that being the three felonies. (Exhibit "J.") Fourth, the record demonstrates that Defendant was convicted of three felonies, and not two additional misdemeanors as charged in the Amended Information. (Exhibits "K," "F.") The aforementioned demonstrate that, even if Defendant's allegations were true, the jury

- 26 -

> did not receive instruction as to the two
> additional crimes, nor could the jury have
> lawfully considered Defendant's guilt as to
> said crimes.  This Court finds Defendant has
> failed to meet his postconviction evidentiary
> burdens and, as such, this Court declines to
> grant Defendant relief as to this claim.

Ex. Y at 58-59.

Petitioner has not met his burden to show his trial counsel's performance was deficient or that he was prejudiced by counsel's performance at trial.  Petitioner's "purely speculative" claim that the clerk provided the charging document to the jury does not win the day.  The trial record itself certainly rebuts Petitioner's contention that the charging document went back to the jury, as it is not mentioned by the court as the court prepared the documents for the clerk to send back to the jury.  Also, the circuit court made its credibility determination, crediting the testimony of Mr. Armstrong, Petitioner's counsel, that if this issue had come to his attention, he would have first confirmed with the clerk that the charging document went back to the jury, and he would have raised an objection.

Upon review, there was no unreasonable application of clearly established law in the state court's decision to reject the Strickland ineffectiveness claim.  Indeed, the decision of the state court is entitled to deference under AEDPA. The adjudication of the state court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.  Therefore,

- 27 -

Petitioner is not entitled to relief on ground six, the claim of ineffective assistance of trial counsel, because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## G.   Ground Seven

In his seventh ground, Petitioner asserts that he was denied the effective assistance of counsel by counsel's failure to specifically object to the state commenting on Petitioner's right to remain silent.   Petition at 18.   Petitioner exhausted this ground, and Respondents note that Petitioner presented this claim in his post conviction motion.   Response at 45.

At trial, Petitioner took the stand.   On cross, the prosecutor inquired about Petitioner's claim that he was not in the vehicle when it was pulled over, but at a friend's house.   Ex. B at 170-71. Petitioner stated he was Derrick Justin's house.   Id. at 171.   The prosecutor then inquired:

> Q   Derrick Justin.
>
>     You obviously knew you were at Mr. Justin's home since this has happened in June, correct?
>
> A   Say that again, sir.
>
> Q   You knew that you were at Mr. Justin's home since June, so this is November, June,

- 28 -

July, August, September, October, it's now six
months later, correct?

A    Yes.

       MR. ARMSTRONG: Objection.

       THE COURT:  Overruled.

BY MR. URRA [the prosecutor]

Q    And that six months have you ever listed
Mr. Justin as an alibi witness in
your case?

       MR. ARMSTRONG: Objection.

THE COURT: Sustained.

THE WITNESS: No, sir, I didn't.

THE COURT: No, no, you don't have to answer
that.

       Go ahead.

Id. at 171-72.

Petitioner  contends  that  "[t]he  comments  are  fairly
susceptible as being interpreted as a comment on Petitioner's right
to remain silent."  Petition at 18.  Along with his contention that
counsel was deficient for not making a more specific objection, he
also  complains  that  the  matter  was  not  properly  preserved  for
appeal.  Id.

Upon  review  of  the  record,  defense  counsel  did  make  an
objection  to  the  prosecutor's  line  of  questioning,  but  he  was
overruled.   When  the  state  asked  about  whether  Petitioner  ever
listed Mr. Justin as an alibi witness during the six months prior
to  trial,  the  trial  court  sustained  counsel's  objection.

- 29 -

Petitioner, without heeding the trial court's ruling, blurted out a response.

The circuit court, in rejecting this claim of ineffective assistance of counsel, first found that failure to preserve issues for appeal does not constitute prejudice under <u>Strickland</u>. Ex. Y at 59. Instead, the court noted that such prejudice must be shown with regard to the effect on the trial itself. <u>Id</u>. at 59-60. Also of significance, the court concluded that the questions did not elicit responses improperly commenting on Petitioner's right to remain silent; "[r]ather, Defendant is contesting questions regarding the failure to list an alibi witness in pre-trial discovery." <u>Id</u>. at 60. Finally, the circuit court noted that counsel did object to the state's questions, and Petitioner may not blame defense counsel for Petitioner's incautious response to the state's question after defense counsel's objection was sustained. <u>Id</u>. In this regard, the circuit court found that Petitioner satisfied neither the performance nor prejudice prong under <u>Strickland</u>. Indeed, the court found the claim "inherently incredible." Ex. Y at 60.

This Court agrees. This claim is devoid of merit. The prosecutor's questions did not elicit responses touching on Petitioner's right to remain silent. Also, there is no supportable claim of deficient performance. Counsel objected to the line of questions, and ultimately, his objection was sustained by the trial court. Petitioner has failed to show deficient performance or

prejudice.  This Court finds that "[u]nder the doubly deferential judicial review that applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard, <u>see</u> <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam), [Petitioner's] ineffective-assistance claim fails."  <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009).  Therefore, Petitioner is not entitled to habeas corpus relief on ground seven.

The decision of the state court is entitled to deference under AEDPA.  The adjudication of the state court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground seven, the claim of ineffective assistance of trial counsel, because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## H.  Ground Eight

In his eighth ground, Petitioner claims he was denied effective assistance of counsel because his attorney failed to object to the hearsay testimony elicited from Officer M. A. Drayton.  Petition at 19.  Respondents agree that this ground was exhausted in the state court system.  Response at 49.

The testimony at issue concerns Officer Drayton's trial testimony regarding police radio broadcasts and Drayton's reactions to these broadcasts. The prosecutor asked Officer Drayton to describe the call for assistance from Officer Brooks. Ex. B at 140. Officer Drayton testified that he heard Officer Brooks over the radio conduct a traffic stop, and then he heard an alert tone with Brooks acknowledging that he was pursuing a vehicle in motion. Id. The prosecutor then inquired as to Officer's Drayton's response to this alert. Id. Officer Drayton attested that he responded to the perimeter, the perimeter being the intersection of Pheasant and Monaco streets, and reported to 1109 Pheasant Drive, the location of the yard where the vehicle stopped after the chase. Id.

Petitioner contends that Officer Drayton was not a witness to the fleeing and should not have been permitted to corroborate or bolster the testimony of Officer Brooks by referencing the content of the police radio broadcasts. Petition at 19. The circuit court, relying on the Fellow Officer Rule, found that Officer Drayton properly testified to the previous link in the chain to explain or justify his own actions. Ex. Y at 60-61. The court found that Officer Drayton's statements "explained his *own* conduct in driving to assist Officer Brooks." Id. at 61. The court concluded that any objection by counsel would have been futile and denied. Id. (citation omitted).

In the alternative, the circuit court found the statements
properly admissible through Officer Drayton as admissible hearsay
as Brooks' excited utterances or as Brooks' present sense
impressions with respect to the suspect fleeing in a vehicle. Id.
As such, the court found they were admissible statements and
admissible hearsay. Id. at 61-62.

Simply put, counsel cannot be found to be deficient for
failing to make objections that would have been overruled by the
circuit court. The circuit court has concluded that these were
admissible statements. Thus, Petitioner has not demonstrated
prejudice as required by Strickland. The First District Court of
Appeal affirmed.

There is a qualifying state court decision and AEDPA deference
is warranted. The adjudication of the state court resulted in a
decision that involved a reasonable application of clearly
established federal law, as determined by the United States Supreme
Court. Therefore, Petitioner is not entitled to relief on ground
eight because the state court's decision was not contrary to
clearly established federal law, did not involve an unreasonable
application of clearly established federal law, and was not based
on an unreasonable determination of the facts.

## I.  Ground Nine

In ground nine of the Petition, Petitioner again claims the
deficient performance of counsel. He bases this claim on counsel's
failure to file a motion in limine or otherwise object to any

- 33 -

mention of marijuana.  Petition at 20.  Petitioner states that marijuana was mentioned throughout the trial, including by defense counsel in closing argument, although the trial did not include the possession of marijuana count, count five.  Id.  Petitioner contends that its probative value was far outweighed by the danger of unfair prejudice, and counsel should have objected or otherwise sought to keep any mention of the marijuana out of the trial. Petitioner exhausted his state court remedies, and Respondents acknowledge this fact in their Response.  Response at 52.

The circuit court, in denying this ground, emphasized the fact that the marijuana evidence was inextricably intertwined with the charged crimes of aggravated assault, aggravated fleeing and driving while license suspended or revoked, and the testimony concerning the marijuana evidence was necessary to establish the entire context in which the crime arose.  Ex. Y at 62.  The court referenced the testimony of Officer Brooks, who explained that he was going to release Petitioner from the traffic stop once he realized he was not the female owner of the vehicle, but once Petitioner asked the officer a question and Brooks went to the window to communicate with Petitioner, Brooks noticed the passenger attempting to cover a plastic bag containing what appeared to be marijuana.  Id. at 62-63.

It was this discovery that led Officer Brooks to continue the traffic stop.  Id. at 63.  The court held:

> [t]he Officer's testimony mentioning the
> presence of marijuana in Defendant's vehicle
> demonstrated to the jury the lawfulness of the
> traffic stop and continued detention. Without
> Officer Brooks' mention of his discovery of
> marijuana, the jury would have received no
> context explaining the continuation of the
> traffic stop and why the Officer did not allow
> Defendant to leave.

Id.

In its decision, the court found that the presence of the marijuana was "an inseparable part of Defendant's acts that followed the discovery of the drugs." Id. The court determined that the testimony with respect to the marijuana was essential "to show the concurrence in the acts," and was inextricably intertwined with Petitioner's "actions in fleeing the scene." Id. In conclusion, the court said that this testimony was essential to establish the context in which felony counts, one, two and three, arose. Id.

Petitioner failed to demonstrate that an objection to the testimony with regard to the marijuana would have been granted in light of these intertwined offenses where the evidence was deemed necessary to adequately describe the deed, provide the context out of which the crimes arose, and describe the events leading up to the charged crimes. As noted by Respondents, this testimony "demonstrated to the jury the lawfulness of the traffic stop and continued detention." Response at 54. It was an inseparable part

of the case.   Thus, even if counsel had objected, his objection would have been overruled.

Upon appeal of the denial of the Rule 3.850 motion, the appellate court per curiam affirmed the trial court's decision. Thus, there is a  qualifying state court decision.   This ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA.

Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.   Thus, Petitioner is not entitled to relief on this claim of ineffective assistance of counsel raised in ground nine.

### J.   Ground Ten

In his tenth ground, Petitioner contends that he received the ineffective assistance of counsel when counsel failed to prevent any mention of Petitioner's prior incarceration.   Petition at 21. Respondents note that Petitioner has exhausted his state court remedies with respect to this ground.   Response at 56.

The underlying weakness in this claim for habeas relief is that Petitioner, a convicted felon, took the stand at his trial.

On cross, the state immediately asked Petitioner if he had three prior felony convictions. Ex. B at 170. Petitioner responded affirmatively. Id. When asked whether Petitioner was aware that his license was suspended, Petitioner testified that he did not have a license to drive, he had learned his lesson not to drive on a suspended license, and he had already spent time incarcerated for that offense. Id. at 182.

The circuit court, in denying this ground for post conviction relief, found that when Petitioner took the stand, "he took the inherent risk that the State could elicit information about his prior convictions." Ex. Y at 64. Of course, that is exactly what happened, and any objection by counsel would have been futile because Petitioner willingly took the risk by taking the stand. Additionally, defense counsel asked the court if Petitioner could testify in narrative form. Ex. B at 159. The court informed Petitioner that his counsel, doing his job in accordance with the rules of ethics of the Florida Bar, requested that Petitioner be permitted to testify in narrative form. Id. at 160. Thus, counsel was not going to be involved in the questioning of Petitioner, and Petitioner acknowledged that he understood that would be the case. Id.

The circuit court rightly concluded that had defense counsel objected, his objection would have been denied. Ex. Y at 65. The court, finding counsel acted properly under the circumstances by

not objecting, found Petitioner was not entitled to relief on this ground. Id.

This decision on Petitioner's claim of ineffective assistance of counsel is entitled to deference under AEDPA. Upon a thorough review of the record and the applicable law, the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Petitioner is not entitled to relief on the basis of ground ten.

With respect to Petitioner's claim that his counsel should not have mentioned his criminal record during closing argument, the trial transcript shows that his attorney did mention in closing that Petitioner's license "is suspended as a habitual traffic offender." Ex. C at 221. Basically, counsel referenced the Department of Motor Vehicles record that was already admitted into evidence through the state's witness, and noted that there was no dispute as to the accuracy of that record. Counsel did dispute, in closing, whether the state had proved Petitioner was driving the vehicle. Id. Of import, Petitioner took the stand and said Ms. Jefferson called him and said she had been pulled over and she wanted him to come to the scene. Ex. B at 163.

Counsel's performance was not deficient as Petitioner elected to take the stand and present narrative testimony, which at sentencing, he admitted was untruthful. As far as counsel mentioning Petitioner's driving record in closing, that record had already been admitted into evidence through a state's witness and was going back to the jury for its consideration.

### K.  Ground Eleven

Ground eleven presents a claim of ineffective assistance of counsel for failure to object to or otherwise move to exclude evidence of jail phone records. Petition at 22. During the trial, the state introduced a tape recording of Petitioner speaking to Irene Jefferson from a monitored jail phone. Id. Petitioner asserts that at the time of its introduction, his counsel should have objected to or moved to exclude the phone recording based on the state's failure to show chain of custody or authenticity. Id. Petitioner contends that since his personal pin number was not on the recording, the jail custodian of records would not have been able to identify Petitioner as the caller. Id.

Respondents note that Petitioner exhausted this claim in his post conviction motion. Response at 59. The records contains the State's Supplemental Discovery Exhibit #3. Ex. A at 27. It references a jail call CD and the sworn statement of Irene Jefferson with regard to the jail calls. Id.

After Petitioner took the stand, the prosecutor told the court that he wanted to get a computer and have the custodian of records from the jail come in and testify about the phone call evidence. Ex. B at 168. Defense counsel responded that he had in his possession the CD from the jail calls, and that the jail calls were listed in the discovery notice. Id. He said, "[t]hey were listed as jails [sic] calls in the discovery notice and particular statements regarding Mr. James' driving were listed." Id. The state directed counsel to the statements made by Petitioner to a woman believed to be Ms. Jefferson in which Petitioner asks Ms. Jefferson to count the number of stop signs he ran. Id. at 169.

The court, concerned about the lack of preparation to have the records custodian available, suggested the state ask Petitioner about the phone calls on cross examination, and then prepare the CDs and get the witness. Id. The court stated that if Petitioner denies making the statements, then the tapes could be used on rebuttal. Id. Defense counsel objected to the entry of the statements, noting that although the CD was disclosed, there was "lack of disclosure of the specific statements which are essentially admissions of Mr. James." Id. at 170. The court ruled, "[h]e gave you what he gave you and if it's on there you have notice of it." Id.

On cross Petitioner denied making phone calls to Ms. Jefferson. Id. at 175. When asked whether he ever swapped jail

pin numbers to make phone calls from the jail, Petitioner responded that he did not think one could do that or it would be illegal to do it.  Id.  He testified that he did not make any phone calls from the jail to Ms. Jefferson.  Id. at 175-76.  Ms. Jefferson was called in rebuttal, and she testified that Petitioner called her from the jail.  Id. at 190.  She also testified that it is herself and Mr. James on the phone recordings.  Id. at 190-91.  She attested that the recording was true and accurate.  Id. at 191.  The state played for the jury the recording from the phone call made on September 22, 2007.  Id. at 191-92.

Thus, based on the record, it is clear that counsel did object to the introduction of the jail phone calls.  The court overruled the objection, referencing the discovery notice.  Petitioner decided to take the stand, and he testified he did not make phone calls to Ms. Jefferson from the jail.  Ms. Jefferson, called in rebuttal, countered this testimony by identifying their voices on the recordings and stating that Petitioner called her from the jail.

The circuit court, in rejecting this ground for relief, found that counsel did object to the telephone calls prior to their introduction at trial, but his objection was overruled.  Ex. Y at 66.  The court imparted that the state's only reason for playing the recordings was to refute Petitioner's testimony that he never spoke to Ms. Jefferson while incarcerated in the jail.  Id.  The

court held: "Defendant may not allege counsel was ineffective, when it was his [Petitioner's] own false testimony that led the State to question Ms. Jefferson in rebuttal and introduce the recorded jail telephone calls." Id.

Finding that counsel did object, the court concluded that Petitioner failed to establish the deficient performance of counsel under Strickland. Ex. Y at 66. Furthermore, the court concluded that even if counsel had failed to object, Petitioner's statements to Ms. Jefferson would have been admissible as admissions by a party-opponent and any objection would have been futile and overruled. Id.

Based on the record before the Court, counsel objected to the introduction of the recordings of the telephone calls. Indeed, his performance was not so deficient that it fell below the objective standard of reasonableness, and Petitioner has failed to satisfy the first prong of Strickland. Also, under the circumstances at bar, Petitioner has not shown that there is a reasonable probability sufficient to undermine confidence in the outcome. Thus, Petitioner has failed to satisfy the second prong of the Strickland test by showing that there is a reasonable probability that, but for trial counsel's deficient performance, the outcome of the proceeding would have been different. As such, the prejudice prong has not been met. Ground eleven is due to be denied.

### L.  Ground Twelve

In his twelfth ground, Petitioner raises a due process violation, claiming fraud on the trial court to gain a conviction. Petition at 23.  This ground is very similar to ground three, except the focus is a claim of denial of due process of law rather than a claim of ineffective assistance of counsel pursuant to the Sixth Amendment.  Petitioner again relies on his assertion that Ms. Jefferson received a traffic citation for driving on a suspended license, evidence that would contradict the testimony of Officer Brooks that Petitioner was the driver.  Id.  Petitioner exhausted this ground in his post conviction motion, and the state recognizes this fact.  Response at 62-63.

The trial court rejected this claim, incorporating its reasoning in denying ground three.  Ex. Y at 51.  The court first imparted that Petitioner admitted during sentencing that he was the driver.  Id.  Next, the court noted that Ms. Jefferson was not cited for driving on a suspended license; therefore, Brooks did not commit fraud upon the court.  Id. at 51-52.  And finally, the court found that to the extent Petitioner was attempting to challenge the sufficiency of the evidence in his post conviction motion, a post conviction motion is not the proper mechanism to raise an insufficiency claim.  Id. at 52.  As such, the court denied post conviction relief.  Id.

As previously noted, Petitioner admitted that he was the driver at the sentencing proceeding, and Officer Brooks did not cite Ms. Jefferson with driving on a suspended license, but rather cited her with the unlawful use of a license. Petitioner has utterly failed to show fraud upon the court and a due process violation. Petitioner is not entitled to habeas relief.

Deference under AEDPA should be given to the state court's decision. Petitioner raised the issue in his Rule 3.850 motion and on appeal of the denial of the Rule 3.850 motion, and the appellate court affirmed. The state court's adjudication of this claim is not contrary to or an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, he is not entitled to habeas relief on ground twelve.

### M. Ground Thirteen

In his thirteenth and final ground, Petitioner alleges that the cumulative effect of all of counsel's errors resulted in the deficient performance of counsel and Petitioner suffered prejudice as set forth in Strickland. Petition at 26. Since none of Petitioner's grounds provide a basis for habeas relief, the cumulative effect of these grounds certainly does not provide any foundation for granting habeas relief. As stated by the circuit court in rejecting this ground, the "claim of cumulative error will

not be successful if a petitioner fails to prove any of the individual errors he alleges." Ex. Y at 67 (citation omitted). The appellate court affirmed.

This decision is entitled to deference under AEDPA. Therefore, Petitioner is not entitled to relief on ground thirteen of the Petition because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

In the alternative, the Court finds the cumulative deficiencies of counsel claim is without merit.

> As set forth above, [Petitioner] has not demonstrated error by trial counsel; thus, by definition, [Petitioner] has not demonstrated that cumulative error of counsel deprived him of a fair trial. See Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993) (explaining that because certain errors were not of constitutional dimension and others were meritless, petitioner "has presented nothing to cumulate").

Miller v. Johnson, 200 F.3d 274, 286 n.6 (5th Cir.), cert. denied, 531 U.S. 849 (2000). If Petitioner's ineffective assistance of counsel claims are insufficient individually, raising them cumulatively does not render them sufficient. Robertson v. Chase, No. 1:07-CV-0797-RWS, 2011 WL 7629549, at *23 (N.D. Ga. Aug. 12, 2011) (citations omitted), report and recommendation adopted by No. 1:07-CV-797-RWS, 2012 WL 1038568 (N.D. Ga. Mar. 26, 2012), affirmed

<u>by</u> 506 F. App'x 951 (11th Cir. 2013), <u>cert</u>. <u>denied</u>, 134 S.Ct. 93 (2013).

Petitioner is not entitled to relief on the basis of this claim of ineffective assistance of counsel alleging the cumulative errors of counsel.   Furthermore, since there were no errors of constitutional dimension, the cumulative effect of any errors would not subject Petitioner to a constitutional violation.   <u>See</u> <u>Miller</u>, 200 F.3d at 286 n.6.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.   The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.   If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[7]   Because this Court has determined that a certificate of appealability is not

---

[7] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

     **DONE AND ORDERED** at Jacksonville, Florida, this 5th day of August, 2016.


_____
               BRIAN J. DAVIS
         United States District Judge



sa 7/19
c:
Leshawn James
Counsel of Record